**Opinion issued July 14, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00383-CR

———————————

**ADRIAN GOMEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1405348**

---

## O P I N I O N

Appellant was charged by indictment with capital murder.[1] Appellant pleaded

not guilty. The jury found him guilty. Because the State did not seek the death

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (Vernon 2011), § 19.03(a)(2) (Vernon Supp. 2015).

penalty, a sentence of life without parole was automatically assessed. In one issue on appeal, Appellant argues the trial court erred by denying his request for a jury instruction on the lesser-included offense of felony-murder.[2]

We reverse and remand for a new trial.

## Background

Sonia Vasquez and her husband, the complainant, owned and operated a taco truck. On October 12, 2013, the two were operating the truck at a gas station in Houston, Texas. At one point during the day, the complainant was wiping down tables outside of the truck. Appellant approached Vasquez and ordered two tacos.

As the complainant went inside the truck, Appellant followed. Vasquez testified at trial that, as the complainant was closing the door to the taco truck, Appellant pulled it open. Appellant came inside, pointing a gun at the complainant. Appellant said, "Give me the money." Vazquez testified that, after Appellant came into the truck, everything happened very rapidly, within about a ten-second time frame. She testified that the complainant "was a person who would not give up." She recalled telling police after the shooting that the complainant "was reluctant[,] . . . was kind of angry and stubborn, [and] was the kind of person that wouldn't just give money."

---

[2] *See id.* § 19.02(b)(3).

2

She testified that the complainant threw the tip jar at Appellant. Appellant fired a shot after this. Vasquez testified that the shot grazed the complainant's arm. The complainant then grabbed a folded chair and began to swing it to hit Appellant. The complainant lost his balance, though he did not fall. She testified that Appellant pushed the complainant down with one hand, pointed the gun at the complainant's head with the other hand, and fired, killing the complainant. Appellant then fled.

After he was arrested, Appellant gave a statement to the police. In the video statement, which was admitted into evidence at trial, Appellant told the officers that he went to the taco truck "to get some quick money." Appellant entered the truck and told everyone not to move. According to Appellant, the complainant looked at him and smiled. The complainant then grabbed the glass tip jar and threw it at Appellant, "trying to hit [him] in [his] veins" on his arm. The jar broke, and Appellant sustained some cuts. The complainant came closer, and Appellant fired a warning shot out the window. The complainant continued to advance. Appellant said he fired three shots during the altercation: two to the chest and one to the head. The evidence showed, however, that the complainant sustained one grazing shot to the arm and one shot to the head. The complainant did not sustain any shots to the chest.

When summarizing what happened, Appellant explained, "I went, I tried to rob the place, and it didn't go right." Later, one officer told Appellant that Vasquez

3

had been afraid during the incident that Appellant "was going to do something to her, too." Appellant replied, "I'm not like that." The officer then asked, "So what happened was a mistake?" Appellant replied, "Yeah."

During the charge conference, Appellant requested a jury instruction on the offense of felony-murder, arguing that there was evidence to support a jury's finding that he had committed felony-murder but not capital murder. The trial court denied the request.

## Lesser-Included Offense

In his sole issue, Appellant argues the trial court erred by denying his request for a jury instruction on the lesser-included offense of felony murder.

### A. Standard of Review & Applicable Law

A defendant is entitled to an instruction on an offense if (1) the requested offense is a lesser-included offense of the charged offense and (2) there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense. *Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006).

"The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a question of law." *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). Questions of law are reviewed de novo. *See Mahaffey v. State*, 316 S.W.3d 633, 637 (Tex. Crim. App.

4

2010) ("Statutory construction is a question of law; therefore our review is de novo."). Resolution of this step does not depend on the evidence produced at the trial. *Hall*, 225 S.W.3d at 535. Instead, the matter is resolved by comparing the elements of the offense charged in the indictment with the elements of the requested lesser-included offense. *Id.* at 535–36.

If the first prong is satisfied, we then consider whether the evidence in the record supports giving the lesser-included offense instruction. *Ex parte Watson*, 306 S.W.3d 259, 263 (Tex. Crim. App. 2009). A defendant is entitled to a requested instruction on a lesser-included offense when some evidence in the record would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Hall*, 225 S.W.3d at 536 (citing *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)).

The evidence can be raised from any source. *See Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993) (citing *Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985)). "Anything more than a scintilla of evidence entitles the defendant to the lesser charge." *Wortham v. State*, 412 S.W.3d 552, 558 (Tex. Crim. App. 2013). If there is more than a scintilla of evidence supporting the lesser-included charge, the trial court must include the instruction regardless of whether the supporting evidence is "strong, weak, unimpeached, or contradicted." *Bell*, 693 S.W.2d at 442 (internal quotations omitted). "The credibility of the evidence, and

whether it conflicts with other evidence, must not be considered in deciding whether the charge on the lesser-included offense should be given." *Dobbins v. State*, 228 S.W.3d 761, 768 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd) (citing *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992) ("*Saunders II*")). Likewise, "[w]here the evidence given at trial is subject to two reasonable inferences, the jury should be instructed on both inferences." *Ross v. State*, 861 S.W.2d 870, 875 (Tex. Crim. App. 1992). It is not enough, however, that the jury could disbelieve certain evidence necessary for the greater offense. *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011) (citing *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997)).

## B. Error

Appellant was charged with capital murder. *See* TEX. PENAL CODE ANN. § 19.03(a)(2) (Vernon Supp. 2015). Specifically, the indictment alleged that "on or about October 12, 2013, [Appellant] did then and there unlawfully, while in the course of committing and attempting to commit the robbery of Lorenzo Vasquez, intentionally cause the death of Lorenzo Vasquez by shooting Lorenzo Vasquez with a deadly weapon . . . ." Appellant requested that the charge include an instruction on the offense of felony-murder—that is, committing an act clearly dangerous to human life that causes the death of an individual in the course of committing or attempting to commit a felony. *See id.* § 19.02(b)(3) (Vernon 2011).

"This Court has long held that murder is a lesser-included offense of capital murder." *Smith v. State*, 297 S.W.3d 260, 275 (Tex. Crim. App. 2009) (citing *Feldman v. State*, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); *Thomas v. State*, 701 S.W.2d 653, 656 (Tex. Crim. App. 1985)); *accord Fuentes v. State*, 991 S.W.2d 267, 272 (Tex. Crim. App. 1999) ("The elements of felony murder [under section 19.02(b)(3)] are included within the proof necessary for capital murder committed in the course of robbery [that is, section 19.03(a)(2)]."). Accordingly, the first step for obtaining a lesser-included instruction has been satisfied. *See Guzman*, 188 S.W.3d at 188.

We turn, then, to whether there was more than a scintilla of affirmative evidence that Appellant committed murder but not capital murder. *See id.* (identifying second step of analysis as determining whether there is some evidence in record that would permit jury to rationally find that, if defendant is guilty, he is guilty only of lesser offense); *Wortham*, 412 S.W.3d at 558 (holding anything more than scintilla of evidence entitles defendant to charge instruction). "The distinguishing element between felony murder and capital murder is the intent to kill." *Fuentes*, 991 S.W.2d at 272. The basis of capital murder for which Appellant was charged permitted the jury to find him guilty only if it found Appellant *intentionally* committed murder. *See* PENAL § 19.03(a)(2); *Alvarado v. State*, 912 S.W.3d 199, 216 (Tex. Crim. App. 1995) (holding trial court erred by instructing

jury that it could find defendant guilty under section 19.03(a)(2) by finding Appellant *knowingly* caused complainant's death). In contrast, felony-murder has no mens rea for the element of "commit[ting] or attempt[ing] to commit an act clearly dangerous to human life that causes the death of an individual." PENAL § 19.02(b)(3); *see Lomax v. State*, 233 S.W.3d 302, 305 (Tex. Crim. App. 2007) (holding "Section 19.02(b)(3) dispenses with a culpable mental state"). Accordingly, proof of any mental state other than intentional would have allowed a jury to find Appellant guilty of felony-murder but not capital murder. *See Alvarado*, 912 S.W.3d at 216 (holding jury cannot find defendant guilty of section 19.03(a)(2) with "knowingly" mens rea); *Lomax*, 233 S.W.3d at 305 (holding no mens rea for section 19.02(b)(3)).

Murder is a result-of-the-conduct offense. *Schroeder v. State*, 123 S.W.3d 398, 400 (Tex. Crim. App. 2003). "A person acts intentionally . . . with respect . . . to a result of his conduct when it is his conscious objective or desire to . . . cause the result." TEX. PENAL CODE ANN. § 6.03(a) (Vernon 2011). "A person acts knowingly . . . with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b).

In his video statement to the police, which was admitted into evidence, Appellant told the officers that he went to the taco truck "to get some quick money." Appellant entered the truck and told everyone not to move. According to Appellant,

the complainant looked at him and smiled. The complainant then grabbed the glass tip jar and threw it at Appellant, "trying to hit [him] in [his] veins" on his arm. The jar broke, and Appellant sustained some cuts. The complainant came closer, and Appellant fired a warning shot out the window. The complainant continued to advance.

Appellant said he then fired three shots during the altercation: two to the chest and one to the head. The evidence showed, however, that the complainant sustained one grazing shot to the arm and one shot to the head. The complainant did not sustain any shots to the chest.

When summarizing what happened, Appellant explained, "I went, I tried to rob the place, and it didn't go right." Later, one officer told Appellant that Vasquez had been afraid during the incident that Appellant "was going to do something to her, too." Appellant replied, "I'm not like that." The officer then asked, "So what happened was a mistake?" Appellant replied, "Yeah."

Likewise, Vazquez testified that, after Appellant came in to the truck, everything happened very rapidly, within about a ten-second time frame. She testified that the complainant "was a person who would not give up." She recalled telling police after the shooting that the complainant "was reluctant[,] . . . was kind of angry and stubborn, [and] was the kind of person that wouldn't just give money."

Vasquez's testimony of the series of events matched much of what Appellant told police. She testified that the complainant threw the tip jar at Appellant. She agreed that Appellant fired a shot after this. Vasquez testified that this was the shot that grazed the complainant's arm. The complainant then grabbed a folded chair and began to swing it to hit Appellant. The complainant lost his balance, though he did not fall. It was during this process that Appellant fired a second shot at the complainant, hitting him in the head.

The State points out that Vasquez also testified that, during the altercation, Appellant pushed the complainant down with one hand, pointed the gun at the complainant's head with the other hand, and fired. This does contradict Appellant's assertion that the killing of the complainant was a mistake. But the lesser-included instruction must be included regardless of whether the supporting evidence is "strong, weak, unimpeached, or *contradicted*." *Bell*, 693 S.W.2d at 442 (emphasis added; internal quotations omitted). To treat this portion of Vasquez's testimony as controlling, we would have to hold that the jury *had* to credit this testimony and that the testimony must control over Appellant's contrary statements—two things we cannot do. *See Saunders II*, 840 S.W.2d at 391 (holding credibility of evidence and whether it conflicts with other evidence must not be considered in lesser-included review); *Dobbins*, 228 S.W.3d at 768 (same); *see also Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (holding jury is entitled to credit some

portions of witnesses' testimony while not believing other portions). Likewise, Appellant shooting the complainant at close range is not conclusive proof of intent because "intent to kill cannot be presumed as a matter of law." *Brown v. State*, 122 S.W.3d 794, 800 (Tex. Crim. App. 2003).

Evidence of intent is rarely subject to direct evidence. *See Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). Instead, it is usually "inferred from acts, words and conduct of accused." *Id.* "Where the evidence given at trial is subject to two reasonable inferences, the jury should be instructed on both inferences." *Ross*, 861 S.W.2d at 875.

There is sufficient evidence in the record to support the jury's inference that Appellant had a "conscious objective or desire to" cause the complainant's death. *See* PENAL § 6.03(a). We hold, however, there was also more than a scintilla of evidence in the record that would have allowed the jury to infer, instead, that Appellant was aware that shooting the complainant "was reasonably certain to cause" the complainant's death without having a conscious objective or desire to cause it. *See id.* § 6.03(a)–(b); *see also Alvarado*, 912 S.W.3d at 216 (holding jury cannot find defendant guilty of section 19.03(a)(2) with "knowingly" mens rea); *Wortham*, 412 S.W.3d at 558 ("Anything more than a scintilla of evidence entitles the defendant to the lesser charge.").

11

This same evidence could have supported a determination that Appellant committed felony-murder. *See Lomax*, 233 S.W.3d at 305 (holding no mens rea for section 19.02(b)(3)). Accordingly, we hold both steps for obtaining a lesser-included instruction were satisfied. *See Guzman*, 188 S.W.3d at 188.

## C. Harm

Next, we must address whether Appellant has suffered any harm. TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2006). When, as here, the appellant has properly preserved the claimed error by a timely objection to the charge, the conviction will require reversal "as long as the error is not harmless." *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1984). The Court of Criminal Appeals has held this means that any harm, regardless of degree, is sufficient to require reversal. *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986); *see also Jimenez v. State*, 32 S.W.3d 233, 237 (Tex. Crim. App. 2000) (reversal required if error "was calculated to injure the rights of [the] defendant"—that is, if defendant "suffered 'some harm'").

When the denial of a request for a lesser-included instruction results in the jury only being allowed to decide between finding the defendant guilty of the charged offense and acquitting the defendant, harm is established. *Saunders v. State*, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995) ("*Saunders IV*"). The harm occurs

12

"because the jury was not permitted to fulfill its role as factfinder to resolve the factual dispute whether the defendant committed the great or lesser offense." *Id.*

Those are the facts of this case. The jury's only choice was between finding Appellant guilty of capital murder—with the resulting sentence of life without parole—and acquitting Appellant. Because Appellant was entitled to a lesser-included instruction on felony-murder, the jury was not permitted to fulfill its role to resolve the factual dispute of which offense Appellant committed. *See id.* Accordingly, harm is established. *See id.*

We sustain Appellant's sole issue.

### Conclusion

We reverse the judgment of the trial court and remand for a new trial.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Bland, and Massengale.

Publish. TEX. R. APP. P. 47.2(b).

13