

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00185-CR

_____


DEMARCUS LENARD LEWIS, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR21-134



Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

A Rusk County jury convicted Demarcus Lenard Lewis of the capital murder[1] of Clarence Scott Reneaux,[2] and the trial court sentenced Lewis to life in prison without parole. On appeal, Lewis argues that the trial court erred by refusing to instruct the jury on the lesser-included offense of felony murder. Because we find that Lewis was not entitled to a lesser-included-offense instruction, we affirm the trial court's judgment.

## I.      Factual Background

Investigator Jamie Yocom with the Rusk County Sheriff's Department testified that, on January 26, 2021, at about 11:40 p.m., he was dispatched to the Texas Best Music store to investigate a shooting. When he arrived, he entered the building and discovered the dead body of Reneaux. Yocom observed that Reneaux had been shot.

Dr. Melinda Flores, a medical examiner with the Dallas County Medical Examiner's Office, performed the autopsy on Reneaux. She found that Reneaux had been shot twice in the torso and determined that either of the two shots were the cause of death, as both shots hit vital organs. One projectile was removed from the body.

A series of photographs from the store's time-lapse security camera were admitted into evidence. The photographs initially show Reneaux sitting in a chair on the office side of the counter. The next photographs show Reneaux lying on the floor of the office and a person

---

[1]TEX. PENAL CODE ANN. § 19.03(a)(2) (Supp.).

[2]The indictment spells the victim's name as "Clarence Scott Reneaux," and the reporter's record spells it both as "Reneau" and "Reneaux." For purposes of this opinion, we will use the spelling used in the indictment— "Reneaux."

wearing dark clothing on the lobby side of the counter. The darkly clad person is holding a pistol in his ungloved right hand. The next series of photographs show the figure to be on the office side of the counter, the register drawer open, and the darkly clad figure holding a can of furniture polish in his ungloved hand. The next photographs show the man leaving the business through the door in the lobby.

Yocom observed, from the security footage photographs, that the darkly clad person had apparently touched a laptop that was on the counter in addition to the can of furniture polish. The items were collected for fingerprint collection and analysis. At the scene, Yocom also found two spent, nine-millimeter shell casings and a projectile lodged in the wall, all of which were collected and sent to the Texas Department of Public Safety for forensic examination.

The fingerprints found on the laptop and the can of furniture polish matched the fingerprints of Lewis. Yocom obtained an arrest warrant and arrested Lewis. During the warranted search of Lewis's home, Yocom found a Taurus, nine-millimeter pistol in Lewis's trash can and $770.00 in cash in Lewis's bedroom dresser drawer.[3]

John William Knight, a certified firearms analyst, testified that, after extensive testing, he determined that the projectiles recovered from Reneaux's body and the wall of the Texas Best Music store were both fired from the Taurus pistol found in Lewis's trash can. Knight also testified that the spent shell casings found at the scene had also been fired from that same Taurus pistol.

---

[3]Reneaux's son, Thomas Reneaux, testified that the cash drawer at his father's business, Texas Best Music, would have contained a minimum of $1,000.00 at the time of the robbery.

Lewis requested that the lesser-included-offense instruction for felony murder be given to the jury in addition to the instruction for capital murder, but the trial court denied his request. After deliberating, the Rusk County jury found Lewis guilty of capital murder. The trial court sentenced Lewis to life in prison without the possibility of parole.

## II.    Lewis Was Not Entitled to a Lesser-Included-Offense Instruction

In his sole point of error, Lewis contends that the trial court erred by denying his request for a lesser-included-offense instruction for felony murder.

### A.    Applicable Law and Standard of Review

To determine if the trial court erred by failing to give a lesser-included-offense instruction, we must determine whether the trial court was required to give the requested instruction. *Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016). "We review a trial court's refusal to submit a [lesser-included-offense] instruction for an abuse of discretion." *Chavez v. State*, 666 S.W.3d 772, 776 (Tex. Crim. App. 2023) (citing *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004)).

"Whether a defendant is entitled to a [lesser-included-offense] instruction turns on a two-part test." *Id.* (citing *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)). "First, we compare the statutory elements of the alleged lesser offense with the statutory elements of the greater offense and any descriptive averments in the indictment." *Id.* (citing *Safian v. State*, 543 S.W.3d 216, 220 (Tex. Crim. App. 2018)). In this first prong, we ask "whether the lesser-included offense is included within the proof necessary to establish the offense charged." *Safian v. State*, 543 S.W.3d 216, 219–20 (Tex. Crim. App. 2018) (quoting *Rice v. State*, 333 S.W.3d

4

140, 144 (Tex. Crim. App. 2011)). "If proof of the lesser offense is included within proof of the greater offense, the first step has been satisfied." *Chavez*, 666 S.W.3d at 776 (citing *Safian*, 543 S.W.3d at 220; TEX. CODE CRIM. PROC. ANN. art. 37.09(1)).

"Second, there must be evidence from which a rational jury could find the defendant guilty of only the lesser offense." *Id.* (citing *Guzman v. State*, 188 S.W.3d 185, 188–89 (Tex. Crim. App. 2006)). "[T]he guilty-only requirement is met if there is affirmative evidence of a factual dispute that raises the lesser offense and rebuts or negates other evidence establishing the greater offense." *Id.* (citing *Roy v. State*, 509 S.W.3d 315, 319 (Tex. Crim. App. 2017)). "It does not matter if the factual dispute is based on direct or circumstantial evidence so long as a rational jury could interpret the record in a way in which it could find the defendant guilty of only the lesser-included offense." *Id.* (citing *Roy*, 509 S.W.3d at 319; *Goad v. State*, 354 S.W.3d 443, 447–49 (Tex. Crim. App. 2011)). "We consider all the evidence admitted at trial." *Id.* at 776–77 (citing *Goad*, 354 S.W.3d at 448). "Even a scintilla of evidence is sufficient, no matter how controverted or incredible." *Id.* at 777 (citing *Goad*, 354 S.W.3d at 446–47).

Further, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Ransier v. State*, 670 S.W.3d 646, 650 (Tex. Crim. App. 2023) (quoting *Bullock*, 509 S.W.3d at 925). As a result, the Texas Court of Criminal Appeals has stated "that the standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations." *Bullock*, 509

5

S.W.3d at 925 (quoting *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011)); *see Ransier*, 670 S.W.3d at 650. That said, "[i]f a defendant either presents evidence that he committed no offense or presents no evidence, *and there is no evidence otherwise showing he is guilty only of a lesser*[-]*included offense*, then a charge on a lesser[-]included offense is not required." *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994) (citing *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985)).

**B.      Analysis**

Here, the parties do not dispute that felony murder is a lesser-included offense of capital murder.[4] Therefore, "[w]e analyze only the second prong of the [two-part] [lesser-included-offense] test." *Chavez*, 666 S.W.3d at 777.

The culpable mental state is the difference between felony murder and capital murder. *See id.* "Felony murder is an unintentional murder committed in the course of committing a felony while capital murder includes an intentional murder committed in the course of robbery." *Threadgill*, 146 S.W.3d at 665. For Lewis to be entitled to a felony-murder instruction in this case, there must be evidence that would permit the jury to rationally find that he had the intent to commit robbery but not to cause Reneaux's death. *See id.* "[I]t is not enough that the jury may disbelieve [certain] evidence pertaining to the greater offense" of capital murder. *Ransier v. State*, 670 S.W.3d 646 (Tex. Crim. App. 2023).

In support of his argument, Lewis cites to *Gomez v. State*, where Gomez was charged with capital murder after he shot and killed Vasquez in the course of robbing Vasquez's taco

---

[4]"Felony murder is a lesser-included offense of capital murder." *Threadgill v. State*, 146 S.W.3d 654, 665 (Tex. Crim. App. 2004).

6

truck. *Gomez v. State*, 499 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). Vasquez's wife, Sonia, testified that, when Gomez entered the truck and demanded money, her husband threw the tip jar at him, and Gomez fired a shot that grazed Vasquez's arm. Vasquez started trying to hit Gomez with a chair, but Gomez pushed him "down with one hand, pointed the gun at [Vasquez]'s head with the other hand, and fired, killing [Vasquez]." *Id.* After Gomez was arrested, he admitted that he "tried to rob the place, and it didn't go right," and he also admitted that he fired three shots during the altercation—"two to the chest and one to the head"—however, the evidence showed that Vasquez sustained only "one grazing shot to the arm and the one [fatal] shot to the head." *Id.* at 560. When asked by the police if "[the shooting] was a mistake," Gomez replied, "Yeah." *Id.* The trial court denied Gomez's request for an "instruction on the lesser-included offense of felony murder." *Id.* In reversing Gomez's conviction and finding harmful error, the court of appeals noted that Sonia's testimony and Gomez's statements to the police contradicted one another and that, if the jury believed Gomez's statements and discounted Sonia's testimony, he could be found guilty of felony murder rather than capital murder. *Id.* at 563–64.

Here, the facts are distinguishable from those of *Gomez* because the court in *Gomez* could point to specific, affirmative evidence—Gomez's statements contrasted with Sonia's testimony—that gave rise to a factual dispute possibly indicating that the shooting was a mistake and that Gomez only intended to rob the taco truck, giving the jury a rational alternative to the charged offense of capital murder. *See id.* No such evidence is present in this case. Lewis presented no evidence or testimony (1) that he intended to commit only the robbery, (2) that the

7

shooting was the result of a mistake or accident, and (3) that no other evidence admitted in the case would allow the jury to acquit Lewis of capital murder and convict him of felony murder.

In addition, Lewis contends that there is no evidence in this case that he threatened Reneaux or that he pointed the gun at Reneaux. However, the mere *possibility* that, "at some point during . . . the robbery, the offender did not have an intent to cause death does not amount to evidence that the offender did not intend to cause the victim's death when the murder was committed." *Rousseau v. State*, 855 S.W.2d 666, 674 (Tex. Crim. App. 1993).

Lewis also argues that the evidence shows that the model of firearm at issue in this case was subject to a recall and class action suit because it would unintentionally discharge. During Lewis's cross-examination of Knight, the following colloquy occurred:

> Q.     And so you're likely aware that firearms, this make and model and manufacture date, were subject of a recall by Taurus where they recalled about one million firearms for improper firing?
>
> A.     I was not aware.
>
> Q.     You weren't aware of the class action where a sheriff's deputy in Florida filed a class action and recovered 39 million dollars on a class action for improper discharge of firearm?
>
> A.     No, sir. Not aware of that at all.

There was no evidence admitted during the trial indicating that the make and model of the gun found in Lewis's residence was subject to a recall or a class action. Knight testified that he was unaware of any recall of the relevant make and model of firearm, and he was also unaware of any class-action lawsuit involving the same. Moreover, Knight testified that he tested the gun to ensure that it was functioning properly. And as for Lewis's questions regarding

8

any recall or class action suit, "[i]t is well-settled that attorney questions are not evidence." *Haley v. State*, 396 S.W.3d 756, 767 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Madden v. State*, 242 S.W.3d 504, 513 n.23 (Tex. Crim. App. 2007)); *see also Wells v. State*, 730 S.W.2d 782, 786 (Tex. App.—Dallas 1987) (noting that "remarks by counsel are not evidence," "[q]uestions put to a witness are not evidence," and "[t]he answers and not the questions are determinative").

Here, there was no "affirmative evidence of a factual dispute that raise[d] the lesser offense" of felony murder and "rebut[ted] or negate[d] other evidence establishing the greater offense" of capital murder. *Chavez*, 666 S.W.3d at 776. There was not a scintilla of evidence that was "directly germane to the lesser-included offense" that would have allowed a rational jury to acquit Lewis on the greater charge of capital murder and convict him of the lesser offense of felony murder. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) (quoting *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003), *abrogated on other grounds by Grey v. State*, 298 S.W.3d 644 (Tex. Crim. App. 2009)). For these reasons, Lewis was not entitled to a lesser-included-offense instruction for felony murder, and the trial court did not abuse its discretion by denying his request for such an instruction. We, therefore, overrule Lewis's sole point of error.

## III.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:    March 13, 2024
Date Decided:    April 18, 2024

Do Not Publish