**Kelvin Lee ROY, Appellant**

**v.**

**The STATE of Texas**

**NO. PD-1455-15**

Court of Criminal Appeals of Texas.

DELIVERED: February 15, 2017

ATTORNEYS FOR APPELLANT: Dustin Galmor, Galmor, Stovall & Gilthorpe Law Firm, 485 Milam St., Beaumont, TX 77701.

ATTORNEYS FOR THE STATE: Krispen Walker Choate, Assistant County Attorney, Orange County Courthouse, Orange, TX, Stacey Soule, State's Attorney, Austin, TX.

## OPINION

Keasler, J., delivered the opinion of the Court in which Hervey, Alcala, Richardson, Yeary, Newell, Keel, and Walker, JJ., joined.

Kelvin Lee Roy was convicted of murder and sentenced to seventy-five years' imprisonment. The trial judge denied his request for a jury instruction on the lesser-included offense of manslaughter. Because there was more than a scintilla of evidence that would allow a jury to rationally find that if Roy was guilty, he was guilty of only manslaughter, we reverse the court of appeals' judgment affirming the trial judge's ruling and remand for a harm analysis.

## I.

On February 7, 2014, Roy crashed into another vehicle and killed Alexandria Bertrand.

The State presented the following evidence. Roy was driving with his girlfriend, Taralynn Brown, when he suddenly "snapped." Roy began muttering to himself and lit a cigarette that had been dipped in PCP, a "dip cigarette." He refused to pull over despite Brown's repeated and frantic requests that he do so. Multiple witnesses testified that Roy was driving in two lanes, swerving, and speeding. Brown started screaming for help and continued to ask Roy to pull over. Roy told Brown, "Oh, you're scared? I'm going to kill both of us. I'm going to kill both of us." Roy then drove toward the train tracks where two cars were stopped at the light. He accelerated. His car flew through the air and crashed into another car, propelling the passenger, Bertrand, out of that car and killing her.

Roy's testimony at trial differed. According to Roy, he never "snapped" or threatened Brown's life, and he never intended to harm Brown or kill Bertrand. He stated that he blacked out while driving and had no memory of the crash, but he did remember the following events. As Roy was driving, he and Brown drank alcohol and smoked marihuana. While driving, Roy lit and smoked a dip cigarette. He quickly began to feel dizzy and faint. Roy asked Brown to take control of the car and blacked out. His blood tested positive for benzodiazepine, phencyclidine (PCP), and tetrahydrocannabinol (THC). His blood-alcohol level was below the legal limit. Before the accident, dip cigarettes regularly made Roy feel dizzy and disoriented and

once caused him to black out. Despite knowing the risks associated with drinking alcohol, smoking marihuana, and smoking dip cigarettes while driving, Roy chose to drive that night.

The State charged Roy with murder under Penal Code § 19.02(b)(2). A jury convicted Roy of murder and sentenced him to seventy-five years' imprisonment. The indictment alleged that Roy intended to cause serious bodily injury to Taralynn Brown and committed an act clearly dangerous to human life—driving into another car—which caused the death of Alexandria Bertrand. Roy appealed his conviction, alleging that the trial judge erred by overruling his request for a jury instruction on the lesser-included offense of manslaughter. The court of appeals affirmed the conviction.[1] We granted Roy's petition for discretionary review to determine whether he was entitled to an instruction on the lesser-included offense of manslaughter.

## II.

We apply a two-part analysis to determine whether a defendant is entitled to an instruction on a lesser-included offense.[2] We begin by determining whether the offense in the requested instruction is a lesser-included offense of the charged offense.[3] If it is, then we must decide whether a jury could, based on the admitted evidence, rationally find that if the defendant is guilty, he is guilty of only the lesser-included offense.[4] Because we have previously held that manslaughter is a lesser-included offense of murder charged under § 19.02(b)(2), we move directly to the analysis's second part.[5]

 An instruction on a lesser-included offense is required only when there is some admitted evidence directly germane to that offense.[6] We consider all admitted evidence without regard to the evidence's credibility or potential contradictions or conflicts.[7] An instruction is required if more than a scintilla of evidence establishes "that the lesser-included offense is a valid, rational alternative to the charged offense."[8] Although little evidence is needed to trigger an instruction, the relevant evidence must affirmatively "raise[ ] the lesser-included offense and rebut[ ] or negate[ ] an element of the greater offense."[9]

Roy was charged with murder under § 19.02(b)(2) and requested an instruction on the lesser-included offense of manslaughter under § 19.04. To be entitled to the instruction, Roy must have presented more than a scintilla of evidence raising manslaughter under § 19.04 and rebutting or negating murder under § 19.02(b)(2).[10] At trial, Roy testified that he never intended to injure Brown. This testimony negates the intent element of murder but does not, on its own, raise manslaughter.[11]

 To raise manslaughter, Roy must have presented affirmative evidence that

1. *Roy v. State*, No. 09-14-00367-CR, 2015 WL 5042146, at *3-4 (Tex. App.—Beaumont Feb. 24, 2016) (not designated for publication).

2. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011).

3. *Id.*

4. *Id.*

5. *Cavazos v. State*, 382 S.W.3d 377, 384 (Tex. Crim. App. 2012).

6. *Goad*, 354 S.W.3d at 446.

7. *Id.*

8. *Id.*

9. *Cavazos*, 382 S.W.3d at 385.

10. Tex. Penal Code §§ 19.02(a), 19.04(a).

11. *Cavazos*, 382 S.W.3d at 385.

he recklessly caused the death of Alexandria Bertrand, specifically that he was aware of, but consciously disregarded, a substantial and unjustifiable risk that the result—a death—would occur.[12] We look to the admitted evidence to determine whether Roy is entitled to the instruction.

The court of appeals correctly identified the two-part analysis, but misconstrued *Schroeder v. State.*[13] Relying on *Schroeder,* the court of appeals held that, because Roy's testimony demonstrated he was unconscious at the time of the accident, he was not entitled to an instruction on manslaughter.[14] The court of appeals' reliance on *Schroeder* was incorrect in two ways. First, *Schroeder* is factually distinguishable. Second, *Schroeder* does not, as the court of appeals posits, deny a manslaughter instruction to every defendant who claims not to remember causing the death of another.

*Schroeder* is factually distinguishable because Schroeder did not present any evidence that he engaged in reckless conduct before he blacked out or that whatever reckless conduct he might have engaged in was part of the same conduct that led to the victim's death. Schroeder attempted to support his request for an instruction on manslaughter with the following evidence.[15] He and the victim were arguing in the kitchen.[16] Schroeder went to the bedroom to change, and the victim continued to yell at him.[17] While in the bedroom, Schroeder heard things being broken and went to investigate.[18] When he confronted the victim, the victim pointed a gun at him and threatened to kill him.[19] Schroeder and the victim started to wrestle over the gun.[20] Both fell to the ground, and Schroeder blacked out.[21] Schroeder did not remember anything about the shooting except "hollering and screaming and then all of a sudden loud noises.... Loud noises and all of a sudden it's quiet."[22]

The evidence Schroeder presented failed to support his request for a manslaughter instruction because it did not support the inference that he consciously disregarded any risk or was even aware of any risk. "[T]he evidence of [Schroeder's] struggle with the victim and his statements, 'It was an accident' and 'I didn't mean to,' [were] relevant to the defensive issues of accident and self defense[.]"[23] But this evidence was not relevant to show that Schroeder was aware of, but consciously disregarded, a risk. Schroeder did not present evidence that he pointed the gun at the victim or that the gun went off during the struggle—behavior that we have previously found to be reckless.[24] Although wrestling with a gun may be a substantial and un-

12. *See* Tex. Penal Code §§ 19.04(a), 6.03(c).

13. *Roy,* 2015 WL 5042146, at *3-4.

14. *Id.* at *4.

15. *Schroeder v. State,* 123 S.W.3d 398, 399 (Tex. Crim. App. 2003).

16. *Id.*

17. *Id.*

18. *Id.*

19. *Id.*

20. *Id.*

21. *Id.*

22. *Id.*

23. *Id.* at 400.

24. *Ross v. State,* 861 S.W.2d 870, 875 (Tex. Crim. App. 1992) (holding that a defendant who held a loaded, cocked gun at a victim's head when it accidentally discharged acted recklessly); *Hayes v. State,* 728 S.W.2d 804, 809-10 (Tex. Crim. App. 1987) (holding that a defendant whose gun accidentally discharged while he struggled with the victim acted recklessly).

justifiable risk, the evidence did not permit a conclusion that Schroeder was aware of the risk. Further, according to Schroeder, the gunshot occurred after he and the victim had fallen down, at which point all he could remember was "hollering and screaming and then all of a sudden loud noises."[25]

Whereas Schroeder did not present evidence that he consciously disregarded any risk, Roy presented evidence, outside of his inability to remember, that he disregarded the risk of causing a death because he drove while intoxicated. Roy testified that he was aware of the risks of driving while intoxicated. He testified that, before the accident, dip cigarettes regularly made Roy feel dizzy and disoriented and once caused him to lose consciousness. Roy testified that while driving that night he drank alcohol, smoked marihuana, and smoked a dip cigarette, and his blood-test results corroborated this aspect of his testimony. According to Roy, he was aware of, but consciously disregarded, the risks of driving while intoxicated.

■ Finally, *Schroeder*'s holding, which the court of appeals understood to bar any defendant who cannot remember causing a death from receiving a manslaughter instruction, does not apply in this case because the facts are distinct. We held that Schroeder was not entitled to a manslaughter instruction because "there [was] no evidence that would permit a jury to rationally find that *at the time of the firing of the gun*, [he] was aware of, but consciously disregarded, a substantial and unjustifiable risk that the victim would die as a result of his conduct."[26] Relying on this holding, the court of appeals required that Roy be aware of, but consciously disregard, a substantial and unjustifiable risk at

the time of the death.[27] But a defendant need not be aware at the moment the result occurs if he can show that he consciously disregarded the risk of the result and the result came from the same conduct. Roy's alleged reckless conduct was driving while intoxicated despite the risk of causing death. According to his testimony, Roy was not conscious at the moment he caused Bertrand's death. But Roy need not have been aware at the moment of death if he can present evidence that he was aware of, but consciously disregarded, the risk of causing an accident and that the death occurred as a result of the same conduct. Roy, unlike Schroeder, did present such evidence.

Roy was entitled to an instruction on manslaughter because a jury could have rationally found that Roy was guilty of only manslaughter. Roy's reckless conduct—driving while intoxicated—was part of the same conduct that caused Bertrand's death. Unlike Schroeder, who was "completely incognizant of what occurred at the time [he] engaged in the charged conduct[,]"[28] a jury could rationally find that Roy was aware of, but consciously disregarded the substantial and unjustifiable risk of death by driving while intoxicated. Because Roy alleges that he consciously disregarded the risk of death and the death could have been caused by the same conduct, Roy's inability to remember causing the death does not bar him from a manslaughter instruction. A jury could rationally find that Roy did not intend to harm Brown and that his reckless behavior caused Bertrand's death.

### III.

Because Roy presented evidence that raised manslaughter and negated murder,

**25.** *Schroeder,* 123 S.W.3d at 399.

**26.** *Id.* at 401 (emphasis in original).

**27.** *Roy,* 2015 WL 5042146, at *4.

**28.** *Schroeder,* 123 S.W.3d at 401.

he was entitled to a jury instruction on the lesser-included offense of manslaughter. We reverse the court of appeals judgment and remand for a harm analysis.

Keller, P.J., dissented.