

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0759-21

### JOSE JUAN CHAVEZ, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### CHAMBERS COUNTY

KEEL, J., filed a concurring opinion, in which KELLER, P.J., and SLAUGHTER, J., joined.

### CONCURRING OPINION

Which of our two tests for "guilty only" is correct—possible disbelief or factual dispute?

The court of appeals' majority relied on the possible-disbelief test to hold that the trial court erred in refusing to instruct the jury on defense-requested lesser-included offenses ("LIOs"). *Chavez v. State*, 651 S.W.3d 140, 145 (Tex. App.—Houston [14th

Dist.] 2021) (citing *Jones v. State*, 984 S.W.2d 254 (Tex. Crim. App. 1998)).   The

dissenting opinion relied on the factual-dispute test.   *Id.* at 146–47 (citing *Cavazos v.*

*State*, 382 S.W.3d 377 (Tex. Crim. App. 2012)).

If the possible-disbelief approach is correct, then we must affirm the court of

appeals' judgment; otherwise, we must reverse.   But our majority both embraces the

possible-disbelief approach and reverses the court of appeals—logically incompatible

actions.   I would instead overrule the possible-disbelief line of cases and require a

factual dispute about a distinguishing element of the greater offense.   Doing so would re-

affirm the evidentiary and exclusivity aspects of the guilty-only test and clarify its

meaning.   Since the majority does otherwise, I respectfully concur only in its judgment.

## I.       Factual Dispute vs. Possible Disbelief

We have taken two irreconcilable approaches to the guilty-only test.   One is the

factual-dispute approach, and the other is the possible-disbelief approach.   They are

irreconcilable because they are fulfilled in opposite ways.   *Jones*, the foundation for the

court of appeals holding, demonstrates the evidence-free fulfillment of the possible-

disbelief version.

Jones was charged with robbery and sought instructions on theft and assault.

*Jones*, 984 S.W.2d at 255–56.   The State's evidence showed that Jones punched and bit

store employees when they confronted him for shoplifting; but Jones testified that he had

stolen nothing and assaulted no one.   *Id.*   Asked about an altercation in the store, he

testified that he "did selfdefense [sic]" but emphasized that he had not assaulted anyone.

*Id.* at 256. In short, there was evidence of the robbery and evidence of no crime at all; but there was no evidence suggesting that Jones stole without assaulting or that he assaulted without stealing, so there was no factual dispute about a distinguishing element of robbery.

Instead of a factual dispute about the robbery, our opinion relied on the jury's ability to "selectively believe all or part of the testimony proffered and introduced by either side" to require instructions on both LIOs. *Id.* at 257. We rationalized that Jones's denial of theft raised the LIO of assault, and his denial of assault raised the LIO of theft. *Id.* at 257–58. We concluded with a sufficiency analysis: An LIO "can be raised by any evidence from any source so long as a rational trier of fact could conclude from that evidence that a defendant is guilty only of that lesser included offense." *Id.* at 258.

*Jones* was not alone in using the possible-disbelief approach. *E.g.*, *Bullock v. State*, 509 S.W.3d 921, 928–29 (Tex. Crim. App. 2016) (relying on both the jury's ability to selectively believe evidence and sufficient evidence of the lesser); *Saunders v. State*, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992) (citing jury's ability to interpret the evidence in different ways); *Bell v. State*, 693 S.W.2d 434, 443–44 (Tex. Crim. App. 1985) (citing jury's ability to disbelieve evidence of the greater); *Lugo v. State*, 667 S.W.2d 144, 149 (Tex. Crim. App. 1984) (same); *Thompson v. State*, 521 S.W.2d 621, 624 (Tex. Crim. App. 1974) (same). These opinions, like *Jones*, cited no factual dispute about a distinguishing element of the greater offense but hinged only on the possibility of

disbelief about it. They may have paid lip service to the requirement of a factual dispute, but they did not enforce it, notwithstanding any claims to the contrary.

Contrary to the possible-disbelief version, the factual-dispute version of the guilty-only test depends on evidence excluding guilt of the greater offense and showing that the defendant is guilty exclusively of the lesser. *See Cavazos*, 382 S.W.3d at 385; *Royster v. State*, 622 S.W.2d 442, 446–47 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g). The evidence must negate an element of the greater offense. *Cavazos*, 382 S.W.3d at 385. Under the factual-dispute version, the guilty-only test is not fulfilled merely by the jury's ability to disbelieve evidence of the greater offense. *See Solomon v. State*, 49 S.W.3d 356, 369 (Tex. Crim. App. 2001); *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003), *abrogated on other grounds by Grey v. State*, 298 S.W.3d 644 (Tex. Crim. App. 2009); *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). Nor is it fulfilled by evidence showing that the defendant committed no crime at all. *See Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001) (citing *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994).

In short, our two approaches to the guilty-only test are irreconcilable because one requires evidence of the lesser as an exclusive alternative to the greater, the other doesn't; one rejects possible disbelief of the greater, the other embraces it; one dismisses evidence showing the defendant is guilty of no crime, the other accepts it. Sometimes we require a factual dispute. *E.g.*, *Roy v. State*, 509 S.W.3d 315, 317–18 (Tex. Crim. App. 2017); *Flores v. State*, 245 S.W.3d 432, 441 (Tex. Crim. App. 2008). Sometimes we don't.

*E.g.*, *Jones*, 984 S.W.2d at 257; *Bullock*, 509 S.W.3d at 928–29; *Thompson*, 521 S.W.2d at 624. But we have never reconciled these opposing approaches or explained when to apply one as opposed to the other, and we don't today, either.

## II. Response to the Majority Opinion

The majority asserts that the court of appeals erred in relying on the jury's ability to disbelieve evidence, but it doesn't say why that was an error or why the court of appeals could not rely on *Jones*, 948 S.W.2d at 257. The majority claims the court of appeals "misapplied" the guilty-only test, but it doesn't say how. It does not fully embrace the possible-disbelief line of cases, but it fails to grapple with them, and it mischaracterizes *Roy* as one of them. Majority Op. at *6 (citing *Roy* for proposition that factual dispute about greater offense may be supported by jury's possible interpretation of evidence). With its errors and omission, the majority perpetuates unworkable lines of competing precedent, fails to address issues essential to the outcome, and reverses the court of appeals' judgment without meaningful explanation. It thus defeats the goals of *stare decisis* even while purporting to defend precedent. *See Paulson v. State*, 28 S.W.3d 570, 571–72 (Tex. Crim. App. 2000). This is less than helpful.

## III. Response to the Dissenting Opinion

The dissenting opinion claims that the "factual dispute" version of the guilty-only test is foreclosed by statute, approaches patent unconstitutionality, and is inconsistent with *Grey*, 298 S.W.3d 644. I disagree.

The dissent points to the Code of Criminal Procedure, but the statutes say nothing

about when LIO instructions are required. *Cf.* Tex. Code Crim. Proc. art. 36.14 (explaining requirements for jury charges), 37.09 (defining lesser-included offenses).

Contrary to the dissenting opinion's claim, the factual-dispute requirement implicates no constitutional concerns, as demonstrated by its long tenure in federal court. *E.g.*, *Hopper v. Evans*, 456 U.S. 605, 612–613 (1982); *Keeble v. U.S.*, 412 U.S. 205, 212–13 (1973); *Sansone v. U.S.*, 380 U.S. 343, 350 (1965).

And adhering to the factual-dispute version of "guilty only" is consonant with *Grey*'s directive about the State's ability to pursue LIO instructions without need for a factual dispute. *Grey*, 298 S.W.3d at 650–51. If no LIO is submitted, then the jury must acquit unless it is convinced beyond a reasonable doubt that the defendant is guilty as charged. That time-tested scenario preserves the State's authority to choose what charge to pursue and does not violate a defendant's rights. *See id.* at 650.

## IV. My Recommendations

I would put the kibosh on our competing versions of "guilty only" and adhere to the factual-dispute version of it. It preserves the exclusivity and evidentiary aspects of the guilty-only test and encourages consistent outcomes because it is an objective search of the record for a factual dispute, whereas the subjective, possible-disbelief version guts the "only" aspect of the guilty-only test, mistakes belief for evidence, and sometimes devolves into a sufficiency of the evidence test.

I also would stick to the original *Royster* formulation requiring "conflicting evidence concerning an element of the greater offense which is not an element of a lesser

offense[.]" *See Royster*, 622 S.W.2d at 444. It aligns with the limiting principle used in federal court when asking whether an LIO is a rational alternative to the greater offense. *See Evans*, 456 U.S. at 612, 613; *Keeble*, 412 U.S. at 213; *Sansone*, 380 U.S. at 350. And adhering to it would give meaning to our heretofore undefined "valid, rational alternative" verbiage and clarify what the "affirmative" and "directly germane" evidence must show.

## V. Conclusion

Appellant was as entitled to his LIO instructions as were the defendants in our possible-disbelief cases. Unless we overrule them, we must affirm the court of appeals' judgment. Since the majority instead reverses the court of appeals without even acknowledging the dichotomy in our caselaw, I respectfully concur only in the result it reaches.

Delivered: April 19, 2023

Publish