

# NUMBER 13-22-00195-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**CORY WASHINGTON,**                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                       **Appellee.**

**On appeal from the 211th District Court
of Denton County, Texas.**

# MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña
Memorandum Opinion by Justice Peña**

Appellant Cory Washington appeals his conviction for capital murder, for which he received a mandatory life sentence without parole. *See* TEX. PENAL CODE ANN. §§ 12.31(a)(2), 19.03(a)(7)(A). In one issue, Washington argues that the trial court abused its discretion by denying an instruction on the lesser included offense of

manslaughter. We affirm.[1]

## I. BACKGROUND

A grand jury returned an indictment charging Washington with murdering April Robinson and Donovan Fielder by shooting both with a firearm during the same criminal transaction. *See id.* § 19.03(a)(7)(A). Washington pleaded not guilty, and the case proceeded to a jury trial at which the following evidence was adduced.

Robinson was Washington's girlfriend for approximately fifteen years. The two had three minor daughters. Fielder was Robinson's eighteen-year-old son from a prior relationship. The five of them resided together in a home in Denton County, Texas. The pair were in the process of separating, and Washington was angry that Robinson was seeing another man. According to Robinson's sister, Washington had previously threatened to kill Robinson if she did not stop the relationship.

On October 14, 2020, at 2:57 a.m., Washington placed a 911 call from his residence stating that he killed Robinson and Fielder by shooting them with a firearm. Washington said he was drinking all night and that he lost his temper because Robinson was out late. He stated that Robinson's body was in the neighbor's front yard and that Fielder's body was in the house.

Officer Jason Renfroe of the Aubrey Police Department responded to the scene and immediately arrested Washington. Officer Renfroe testified that Washington said he lost his temper and that Washington smelled of alcohol. He transported Washington to the Denton County Jail.

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

Responding officers discovered Robinson's body on the next-door neighbor's front lawn and Fielder's body in his bedroom. Washington's mother and three daughters were also at the home. Before killing Robinson and Fielder, Washington wrote the following note to his daughters, which officers discovered in the kitchen:

> I am so so sorry that my anger got the better of me, but I always felt better when I let it out. I've thought about ending [Robinson's] life many times over, but then I would see your three faces flashing before my eyes every time and that would quell my anger, it's been that way for years. No longer though, because she has pushed me to the edge after I have tried and tried and tried again to make this relationship work. I guess the fact that people have been calling me crazy all these years finally has some merit to it. I actually had plenty of sense and felt that I was exactly the way I was meant to be. I've killed her over a hundred times in my heart and each time I felt bad for doing so, I really did. I wasn't a psychopath, at least in my heart I thought I wasn't[.] I think I was just very upset and disappointed that I wasted fifteen years of my life with someone who wasn't trying as hard as I was to achieve the ultimate form of happiness. Gotta [sic] cut this suicide letter short because she is on her way home and I[']m about to end it all. I[']m killing her bastard son to [sic] because he played a major role in me hating her. He was a no good piece of shit anyway and a complete waste of space. I had so much more to say but it's been cut short by her arrival. Booki please take care of your sisters and if possible, finish school and attend college so you can have a better life than we did. I love you all soooooooo much, I just hate I lost my damn mind. Kisses,

> My mom can have both of my vehicles, Goodbye World[.]

After being read his *Miranda* rights, Washington agreed to speak to law enforcement. Washington stated that he was upset Robinson had been out all night. When she arrived home, he confronted her while holding a bat and a pistol. After Robinson declined to say who she was with that night, Washington began striking her with the bat, causing her to retreat toward the front door. Fielder then emerged from his bedroom, and Washington began striking him with the bat. Fielder went back to his room and locked the door, but Washington broke the door open. Washington then entered the

3

bedroom and shot Fielder multiple times. Washington told officers that he was concerned that Fielder might have a gun in his room.

Meanwhile, according to Washington, Robinson was knocking on the neighbor's door yelling for help. Washington pursued her to the neighbor's house. After Robinson fell to the ground, Washington shot her three times.

Stacey Murthy, M.D., with the Tarrant County Medical Examiner's Office, conducted the autopsy for Robinson and Fielder. Dr. Murthy concluded that Fielder died from gunshot wounds to the head and neck. She concluded that Robinson died from gunshot wounds to the head and blunt force trauma.

At the charge conference, Washington requested self-defense and necessity instructions with regards to the death of Fielder, which the trial court granted. Washington also requested an instruction on the lesser included offense of manslaughter concerning Fielder's death, which the trial court denied. The jury found Washington guilty of capital murder. This appeal followed.

## II. LESSER INCLUDED INSTRUCTION

### A. Standard of Review & Applicable Law

We review a trial court's refusal to submit a lesser included offense instruction for an abuse of discretion. *Chavez v. State*, 666 S.W.3d 772, 776 (Tex. Crim. App. 2023) (citing *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004)). We employ a two-step analysis to determine whether a defendant is entitled to the instruction. *Id.* (citing *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)). "First, we compare the statutory elements of the alleged lesser offense with the statutory elements of the greater

4

offense and any descriptive averments in the indictment." *Id.* (citing *Safian v. State*, 543 S.W.3d 216, 220 (Tex. Crim. App. 2018)). "An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1); *see Chavez*, 666 S.W.3d at 776 ("If proof of the lesser offense is included within proof of the greater offense, the first step has been satisfied.").

Under the second step, we must determine whether there is evidence from which a rational jury could find the defendant guilty of only the lesser offense. *Chavez*, 666 S.W.3d at 776 (citing *Guzman v. State*, 188 S.W.3d 185, 188–89 (Tex. Crim. App. 2006)). This "requirement is met if there is affirmative evidence of a factual dispute that raises the lesser offense and rebuts or negates other evidence establishing the greater offense." *Id.* (citing *Roy v. State*, 509 S.W.3d 315, 319 (Tex. Crim. App. 2017)). "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) (quoting *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)). "A defendant does not satisfy the second prong . . . if there is evidence that he committed an offense that is a lesser-included of the charged offense but greater than the requested lesser-included offense." *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008).

A person commits capital murder if he intentionally or knowingly causes the death of an individual and murders another person during the same criminal transaction. *See* TEX. PENAL CODE ANN. §§ 19.02(b)(1), 19.03(a)(7)(A). Murder is a "result of conduct" offense, which requires that the culpable mental state relate to the result of the conduct—

5

causing death. *See Cavazos v. State*, 382 S.W.3d 377, 384 (Tex. Crim. App. 2012); *Roberts v. State*, 273 S.W.3d 322, 328-29 (Tex. Crim. App. 2008) "A person acts intentionally, or with intent, with respect . . . to a result of his conduct when it is his conscious objective or desire to . . . cause the result." TEX. PENAL CODE ANN. § 6.03(a). "A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b).

"A person commits [manslaughter] if he recklessly causes the death of an individual." *Id.* § 19.04(a). "A person acts recklessly, or is reckless, with respect to . . . the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that . . . the result will occur." *Id.* § 6.03(c).

## B.    Analysis

Washington argues that he has met both prongs of the lesser included inquiry. With respect to step two, he maintains that there is evidence that he only recklessly caused Fielder's death. The State concedes that Washington has met the first step. However, it contends there is no evidence upon which the jury could find Washington guilty of only manslaughter. Assuming without deciding that Washington has met the first step, we conclude that he was not entitled to a manslaughter instruction.

Here, there is no evidence that Washington acted recklessly in causing Fielder's death. Rather, the evidence uniformly establishes that Washington acted intentionally and knowingly when he broke down Fielder's bedroom door, aimed the firearm at Fielder's head, and shot him multiple times at close range. Washington prepared a note outlining his premeditated plan to kill both Robinson and Fielder. In his statements, Washington

6

claimed that he pursued Fielder through a locked door and purposely fired multiple rounds from his firearm at Fielder. There is no evidence rebutting or negating the fact that Washington acted knowingly and intentionally when he shot Fielder. *See Chavez*, 666 S.W.3d at 776; *Cavazos*, 382 S.W.3d at 385 ("Pulling out a gun, pointing it at someone, pulling the trigger twice, fleeing the scene (and the country), and later telling a friend 'I didn't mean to shoot anyone' does not rationally support an inference that Appellant acted recklessly at the moment he fired the shots."); *see also Martinez v. State*, No. 08-17-00106-CR, 2019 WL 3001522, at *5 (Tex. App.—El Paso July 10, 2019, no pet.) (mem. op., not designated for publication) (explaining that even if appellant's statement could be construed as an "unequivocal statement that he did not mean to kill his mother, it would not rationally support an inference he acted recklessly in shooting her in the face").

In support of his argument, Washington cites evidence that he only killed Fielder after he intervened and that he feared Fielder might have a gun. While such evidence might be relevant to Washington's self-defense claim, it does not support his contention that he acted recklessly. *See Alonzo v. State*, 353 S.W.3d 778, 782 (Tex. Crim. App. 2011) ("[B]y arguing self-defense, a defendant is arguing that his actions were justified, and therefore he did not act recklessly."); *Nevarez v. State*, 270 S.W.3d 691, 695 (Tex. App.—Amarillo 2008, no pet.) ("[T]he justification of self-defense is inconsistent with a claim that the defendant acted only recklessly."); *Martinez v. State*, 16 S.W.3d 845, 848 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) ("[O]ne cannot accidentally or recklessly act in self-defense."). Rather, "courts have typically found that a manslaughter instruction was required based on some evidence that the gun discharged accidentally or that the

defendant only intended to frighten the complainant." *Arnold v. State*, 234 S.W.3d 664, 672 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see also Earle v. State*, No. 06-20-00038-CR, 2020 WL 6749945, at *4 (Tex. App.—Texarkana Nov. 18, 2020, no pet.) (mem. op., not designated for publication). Here, there is no evidence that Washington accidentally discharged his firearm or did so only to scare Fielder.

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in denying the lesser included instruction on manslaughter.[2] *See Chavez*, 666 S.W.3d at 776. We overrule Washington's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
29th day of June, 2023.

---

[2] We need not address the State's alternative argument that even were Washington reckless in causing Fielder's death, he would not be entitled to a manslaughter instruction because he would still be guilty of a greater lesser included offense of murder for the intentional and knowing killing of Robinson. *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008).