In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00315-CR**
_____

**DOMINIQUE RAMONE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-03-03390-CR**

---

**MEMORANDUM OPINION**

Appellant Dominique Ramone Johnson appeals his conviction for aggravated assault against a public servant.[1] *See* Tex. Penal Code Ann. § 22.02(b)(2)(B). A grand jury indicted Johnson for aggravated assault against a public servant, as follows:

> Johnson, . . . did [] then and there, while using or exhibiting a deadly weapon, to-wit:[ ]a motor vehicle, intentionally or knowingly threaten

---

[1] The jury also found Johnson guilty of evading arrest in a motor vehicle in trial cause number 22-03-03391-CR, but that conviction is not part of this appeal.

1

K. Parker, a public servant lawfully discharging an official duty, with imminent bodily injury, and the defendant knew K. Parker was a public servant[.]

The indictment included an enhancement paragraph alleging that Johnson had been previously convicted of a felony offense. Johnson waived his right to counsel and pleaded not guilty.

During his jury trial,[2] after the State rested its case but prior to the defense presenting its evidence, and outside the jury's presence, the trial court and the parties discussed the jury charge and Johnson requested the inclusion of a jury instruction on reckless driving as a lesser-included offense. The State argued that reckless driving was not a lesser-included offense of aggravated assault against a public servant. After looking at section 545.401 of the Texas Transportation Code ("Reckless Driving; Offense"), the trial court stated that "[r]eckless driving includes some elements that are not present in either of the charged offenses, namely that you operate the vehicle with willful and wanton disregard for public safety." After Johnson presented his case, the trial court asked for requested changes to the proposed charge. Standby counsel for pro se Johnson asked if the trial court had the

---

[2] Because, as explained herein, our analysis does not depend on the evidence produced at trial, we do not discuss the details of the evidence from the trial. Briefly, the law enforcement officers who testified at trial described a traffic stop for speeding, that turned into a high-speed chase, and at some point the defendant attempted to use his vehicle to run over a police officer.

2

"lesser included request" on the record, to which the trial court responded, "Yes, it's on the record."

The jury found Johnson guilty of aggravated assault against a public servant. After Johnson pleaded true to the enhancement allegation, the trial court sentenced Johnson to thirty years of imprisonment for aggravated assault against a public servant. Johnson filed this appeal. We affirm.

Appellate Issue

In one appellate issue, Johnson argues the trial court erred in denying Johnson's request for a jury charge instruction of the lesser-included offense of reckless driving. According to Johnson:

> Common sense dictates that any activity involving a motor vehicle that intentionally threatens a person with injury necessarily involves driving the vehicle willfully and/or wantonly at or near that person without regard to that person's safety. K. Parker, regardless of his occupation, is certainly a person.
> Furthermore, even looking to the Court's definition of reckless driving requiring "willful or wanton disregard for public safety," K. Parker, as a purported public servant, is certainly, and by definition, a member of the public.
> Here, the Court was required to look not only to the statutory elements of the crime charged, but also the facts pled in the indictment to find the lesser included offense of reckless driving.

The State argues that Johnson failed to preserve error because he requested the instruction for the lesser-included offense after the State had rested and prior to any of Johnson's evidence even arguably showing that Johnson, if guilty, was guilty only of reckless driving. Also, the State argues that Johnson failed to point to

3

evidence supporting reckless driving as a valid, rational alternative to aggravated assault against a public servant. Furthermore, the State contends that, even if Johnson preserved error, reckless driving was not a lesser-included offense of aggravated assault against a public servant as indicted, and there was no evidence that Johnson, if guilty, was only guilty of reckless driving.

Standard of Review and Applicable Law

We review a trial court's refusal to submit a lesser-included instruction for an abuse of discretion. *Chavez v. State*, 666 S.W.3d 772, 776 (Tex. Crim. App. 2023). We employ a two-part analysis to determine whether a trial court abused its discretion in denying a requested charge on a lesser-included offense. *Id.*; *Ritcherson v. State*, 568 S.W.3d 667, 670 (Tex. Crim. App. 2018); *Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016); *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011); *see also* Tex. Code Crim. Proc. Ann. art. 37.09 (defining the requirements for a lesser-included offense).

First, we compare the statutory elements as alleged in the indictment with the statutory elements of the requested lesser-included offense to determine whether the lesser-included offense is included within the proof necessary to establish the charged offense. *Ritcherson*, 568 S.W.3d at 670-71; *Bullock*, 509 S.W.3d at 924-25. This is a question of law and does not depend on the evidence to be produced at trial. *Rice*, 333 S.W.3d at 144. An offense is a lesser-included offense (sometimes referred

4

to as an LIO) if the greater-inclusive offense either alleged all the elements of the LIO or alleged elements plus facts (including descriptive averments) from which all of the elements of the LIO may be deduced. *Id.* (citing *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009); *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007)). "If proof of the lesser offense is included within proof of the greater offense, the first step has been satisfied." *Chavez*, 666 S.W.3d at 776.

Second, we review the entirety of the record to determine if there exists "more than a scintilla" of affirmative evidence, regardless of whether controverted or credible, from which a rational jury could find the defendant guilty of only the lesser offense. *Roy v. State*, 509 S.W.3d 315, 317 (Tex. Crim. App. 2017); *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012) ("While it is true that the evidence may be weak or contradicted, the evidence must still be directly germane to the lesser-included offense and must rise to a level that a rational jury could find that if Appellant is guilty, he is guilty only of the lesser-included offense."). This requirement is met if there is affirmative evidence of a factual dispute that raises the lesser offense and rebuts or negates other evidence establishing the greater offense. *Chavez*, 666 S.W.3d at 776 (citing *Roy*, 509 S.W.3d at 319).

Analysis

Assuming without deciding that Johnson preserved error, the first step of the lesser-included-offense analysis requires us to determine if reckless driving is a lesser-included offense of aggravated assault against a public servant as charged. Under this step, we do not consider the evidence that was presented at trial. *Rice*, 333 S.W.3d at 144. Rather, we consider only the statutory elements of aggravated assault against a public servant as they were modified by the particular allegations in the indictment. *Id*. The indictment alleged that:

(1) Johnson
(2) intentionally or knowingly
(3) threatened K. Parker, a public servant lawfully discharging a duty, with imminent bodily injury
(4) while using or exhibiting a deadly weapon, to wit: a motor vehicle
(5) and the defendant knew K. Parker was a public servant.

We then compare them with the elements of the lesser offense of reckless driving:

(1) Johnson
(2) drove a vehicle
(3) in wilful or wanton disregard for the safety of persons or property.

Tex. Transp. Code Ann. § 545.401(a). Finally, we ask whether the elements of the lesser offense are "'established by proof of the same or less than all the facts required to establish the commission of the offense charged'?" *Rice*, 333 S.W.3d at 145 (citing Tex. Code Crim. Proc. art. 37.09(1); *Hall*, 225 S.W.3d at 524)). "'[T]he elements of the lesser-included offense do not have to be pleaded in the indictment if they can be deduced from facts alleged in the indictment.'" *Lang v. State*, 664

6

S.W.3d 155, 164-65 (Tex. Crim. App. 2022) (quoting *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013)). "When applying the cognate-pleadings approach, reviewing courts may employ the functional-equivalence concept." *Id*. When utilizing the functional-equivalence concept, the reviewing court examines the elements of the lesser offense and decides whether they are functionally the same or less than those required to prove the charged offense. *Id.* (citing *Meru*, 414 S.W.3d at 162; *Rice*, 333 S.W.3d at 144-45).

We find the discussion in *Rice* particularly instructive here because it also involved an examination of whether reckless driving was a LIO of aggravated assault with a deadly weapon, "to-wit: a motor vehicle[.]" *See* 333 S.W.3d at 143-48. In *Rice*, when applying the first part of the lesser-included-offense analysis, the Court of Criminal Appeals compared the elements of the charged offense of aggravated assault with a deadly weapon (a motor vehicle)[3] as alleged in the indictment in that case with the elements of reckless driving to determine whether the elements of

---

[3] The Court in *Rice* listed the statutory elements of aggravated assault with a deadly weapon as they were modified by the particular allegations in the indictment as follows:
(1) the appellant
(2) intentionally and knowingly
(3) threatened [the victim] with imminent bodily injury
(4) used and exhibited a deadly weapon, to-wit: a motor vehicle
(5) that in the manner of [the motor vehicle's] use and intended use was capable of causing death and serious bodily injury.
*Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011).

reckless driving were included within the facts required to establish aggravated assault with a deadly weapon. *See id*. at 145. The Court concluded that the elements of reckless driving are not established by proof of the same or less than all the facts required to establish the commission of aggravated assault with a deadly weapon (a motor vehicle) "because the facts required to prove . . . reckless driving include one that is not the same as, or less than, those required to establish the offense charged: driving." *See id.* The Court explained that the indictment included no indication that the appellant was driving, and the element of driving could not be deduced from the charging instrument. *See id.* The Court noted the following:

> There are many ways in which a vehicle could be used or exhibited as a deadly weapon. An individual may commit a statutorily distinct species of aggravated assault with a deadly weapon by locking the victim in a hot car, slamming the victim's head against the car frame, rigging the car's gas tank to explode, placing the car in neutral and allowing it to run into the victim or a building, suffocating the victim in the trunk, or running the car in an enclosed area to cause carbon monoxide poisoning. We have stated that "when the greater offense may be committed in more than one manner, the manner alleged will determine the availability of lesser-included offenses." And in such a situation, the "relevant inquiry is not what the evidence may show but what the State is required to prove to establish the charged offense."
>
> . . . .
>
> In this case, as noted previously, the indictment includes the phrases "did use and exhibit a deadly weapon, to wit: a motor vehicle" and "that in the manner of its use and intended use," but there is no allegation, express or implied, that Appellant was driving. As the State correctly points out, driving might be the most common manner in which aggravated assault with a deadly weapon, namely a motor vehicle, may occur, but it is certainly not the only one. Although the State could have proven driving at trial, it could also have proven a

8

> variety of other means by which the car was used or exhibited that would also be classified as aggravated assault with a deadly weapon. Therefore, . . . the State was not required to prove the facts of the traffic offense, and . . . there was not a functional equivalent alleged in the indictment from which the element of driving could be deduced. Consequently, reckless driving is not a lesser-included offense of the charged offense [of aggravated assault with a deadly weapon].

*Id.* at 145-47 (citations omitted).

In the present case, Johnson was indicted for aggravated assault with a deadly weapon, "to-wit:[ ]a motor vehicle," and his indictment also included the element that the victim was a public servant. As noted in *Rice*, aggravated assault with a motor vehicle may occur by more than one manner, so we must look at the indictment to determine the availability of reckless driving as a lesser-included offense by determining what the State was required to prove to establish aggravated assault against a public servant as alleged in the indictment. *See id.* And, similarly to the indictment in *Rice,* here the indictment alleges that Johnson "used or exhibited a deadly weapon: to-wit:[ ]a motor vehicle[.]" The indictment does not allege that Johnson was "driving" and the indictment does not give rise to a deduction that Johnson committed all of the constituent elements of the lesser-included offense of reckless driving. *See id*. at 147-48. Accordingly, reckless driving is not a lesser-included offense of the offense charged here.

Because we find that reckless driving is not a lesser-included offense of aggravated assault against a public servant as alleged in the indictment, we need not

9

consider the second step in the two-step analysis. *See id.* at 148. Finding the trial court did not abuse its discretion in denying Johnson's request because reckless driving is not a lesser-included offense of aggravated assault against a public servant as alleged in the indictment, we overrule Johnson's issue. We affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on July 21, 2023
Opinion Delivered August 23, 2023
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.