# Court of Appeals
## Tenth Appellate District of Texas

10-24-00212-CR

Victor Dephane McCullough,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
278th District Court of Walker County, Texas
Judge Hal R. Ridley, presiding
Trial Court Cause No. 31135

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

A jury convicted Appellant Victor McCullough of two counts of aggravated sexual assault of a disabled individual. McCullough pleaded true to the enhancement allegations, and the trial court assessed punishment at 50 years' confinement on each count. In three issues, McCullough argues that the trial court erred in denying his request for a jury charge on the lesser-

included offense of sexual assault and that the evidence is insufficient to support the jury's verdict on Counts one and two. We affirm.

## Background

The complainant, K.C.,[1] was twenty years old at the time of trial. Her mother, L.K., was married to McCullough. L.K. testified that K.C. is disabled and that she was in special education classes while in school. K.C. graduated from the special education program in 2022. L.K. stated that K.C. is not able to drive, and she only goes out with family members. K.C. had a boyfriend, but they did not go out alone together. They talked on the phone and sent text messages to each other.

On April 30, 2023, K.C. told L.K. that McCullough had given her a condom for her to use if she had sex with her boyfriend and that McCullough tried to show her how to use the condom. L.K. testified that K.C. said McCullough laid her down on the bed and touched her breasts and her private part. K.C. also told L.K. that McCullough performed oral sex on her and tried to put his penis in her vagina. L.K. saw a text message that McCullough had sent to K.C. that instructed her not to tell anyone what had happened. L.K. called the police and reported the incident.

---

[1] We will use initials to refer to the complainant to protect her identity. We will identify family members by initials or their relationship to the complainant.

Huntsville Police Investigator Kevin Hammond responded to the call. Investigator Hammond's initial impression of K.C. was that she was low functioning, and he determined that K.C. should be interviewed at a children's advocacy center. Investigator Hammond obtained a warrant for McCullough's arrest. Detective Craig Myers interviewed McCullough. During the interview, McCullough admitted that he had vaginal and oral sex with K.C. and that he touched her breasts. McCullough told Detective Myers that he was trying to teach K.C. about safe sex and how to use a condom. The video of Detective Myers's interview with McCullough was played before the jury.

K.C. testified at trial that McCullough tried to show her how to use a condom. He laid her on the bed and took off her clothes. McCullough then "licked [her] vagina" and put his penis inside her vagina. McCullough told her not to tell anyone what they did. K.C. said that she kept it a secret for a little while, but then she told her mom.

K.C.'s former special education teacher in high school testified that K.C. is intellectually disabled and that she participated in a life skills curriculum at school. K.C.'s highest academic level would be similar to a child in third or fourth grade. Part of K.C.'s curriculum involved learning her phone number and contact information as well as learning to count money. K.C. completed the program and received a diploma.

K.C. worked at a coffee shop alongside her special education teacher. K.C. was able to follow routine tasks and make drinks, but she could not operate the cash register or take orders. K.C.'s teacher stopped working at the coffee shop, and K.C. stopped working there shortly after her teacher left. K.C.'s teacher testified that K.C. could not safely live independently.

The jury heard testimony from Brenda Keys, a former school diagnostician, concerning K.C.'s intellectual disability. Keys currently works for a private company where she conducts specialized assessment tests. Keys reviewed K.C.'s school records and stated that K.C. had been in special education classes with a diagnosis of intellectual disability. The school records indicated that K.C. had an extremely low I.Q. score and met the criteria for an intellectual disability. Keys was asked to conduct testing to determine whether K.C. continued to meet the criteria for intellectual disability. Keys conducted an intelligence test and an achievement test on K.C. that again scored K.C. with a very low I.Q. Keys testified that K.C. continues to meet the criteria for an intellectual disability.

Issue One

In his first issue, McCullough argues that the trial court erred in denying his requested instruction on the lesser-included offense of sexual assault.

Authority

We apply a two-part analysis to determine whether a defendant is entitled to an instruction on a lesser-included offense. *Roy v. State*, 509 S.W.3d 315, 317 (Tex. Crim. App. 2017). We begin by determining whether the offense in the requested instruction is a lesser-included offense of the charged offense. *Id.* If it is, then we must decide whether a jury could, based on the admitted evidence, rationally find that if the defendant is guilty, he is guilty only of the lesser-included offense. *Id.*

An instruction on a lesser-included offense is required only when there is some admitted evidence directly germane to that offense. *Id.* We consider all admitted evidence without regard to the credibility of the evidence. *Id.* An instruction is required if more than a scintilla of evidence establishes "that the lesser-included offense is a valid, rational alternative to the charged offense." *Id.* (citing *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011)).

An affirmative answer to the guilty-only question requires evidence excluding guilt of the greater offense and demonstrating that the defendant is guilty exclusively of the lesser offense. *Green v. State*, 713 S.W.3d 865, 875 (Tex. Crim. App. 2025); *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012). The evidence must negate an element of the greater offense. *Id.* at 876. A jury's ability to disbelieve evidence of the greater offense does not satisfy the guilty-only test. *Id.*

Discussion

McCullough was charged in Counts one and two with the aggravated sexual assault of K.C., a disabled individual. In pertinent part, section 22.021 of the Texas Penal Code provides that a person commits the offense of aggravated sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of another person without the person's consent or intentionally or knowingly causes the sexual organ of another to contact the mouth of another person without consent, and the person is a disabled individual. TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i), (iii), (a)(2)(C). Section 22.021 further provides that a disabled individual means "a person older than 13 years of age who by reason of age or physical or mental disease, defect, or injury is substantially unable to protect the person's self from harm or to provide food, shelter, or medical care for the person's self." TEX. PENAL CODE ANN. § 22.021(b)(3).

At trial, McCullough requested that the charge include an instruction on the lesser-included offense of sexual assault arguing that there was some evidence that K.C. was not a disabled individual as defined in section 22.021(b)(3). The State disagreed with McCullough's characterization of the evidence and opposed the inclusion of the lesser-included offense. The trial court refused the instruction on the lesser-included offense of sexual assault.

On appeal, McCullough specifically argues that the evidence is insufficient to establish the element that K.C. was a disabled individual and that the remaining elements would support a conviction for sexual assault as defined in section 22.011(1)(A) or (C) of the Texas Penal Code. The State agrees that sexual assault qualifies as a lesser-included offense under the law. Therefore, we only need to determine whether there is evidence from which the jury could rationally find that if McCullough is guilty, he is only guilty of sexual assault.

In support of his argument, McCullough contends that the testimony of K.C.'s special education teacher that K.C. graduated from high school and was previously employed was more than a scintilla of evidence that she was not a disabled person as defined by section 22.021(b)(3). We disagree.

K.C.'s special education teacher testified that because K.C. completed the life skills program and mastered her goals, she was able to graduate. While those goals included reading, writing, and math, K.C. at most was at a third- or fourth-grade academic level. K.C.'s employment was limited to making drinks at a coffee shop. She could not work the cash register or take orders. She left that job shortly after her special education teacher stopped working there.

In order to be entitled to the lesser-included instruction, there had to be evidence excluding guilt on aggravated sexual assault. *Green*, 713 S.W.3d at

875. McCullough's only argument to exclude guilt on aggravated sexual assault is that the evidence is insufficient to show that K.C. is a disabled individual. The testimony of K.C.'s special education teacher that K.C. graduated from a special education program in high school and was previously employed does not provide more than a scintilla of evidence that K.C. is substantially able to protect herself from harm, or provide food, shelter, or medical care for herself. *See* TEX. PENAL CODE ANN. § 22.021(b)(3).

McCullough also argues on appeal that there was evidence K.C. objected to his actions and pushed him off her. McCullough admitted that he had vaginal and oral sex with K.C. Evidence that K.C. pushed McCullough off her after he had oral and vaginal sex with her does not provide more than a scintilla of evidence that she was able to protect herself from harm. *See* TEX. PENAL CODE ANN. § 22.021(b)(3).

Considering all of the evidence, McCullough did not meet his burden to show that a rational jury could, based on the admitted evidence, find that K.C. is not a disabled individual, and therefore, if he is guilty, he is only guilty of sexual assault. *See Roy*, 509 S.W.3d at 317. The trial court did not err in denying his requested instruction on the lesser-included offense of sexual assault. We overrule the first issue.

## Issues Two and Three

In his second and third issues, McCullough argues that the evidence is insufficient to support his convictions on both counts of aggravated sexual assault. In Count one, McCullough was convicted of causing the penetration of the sexual organ of K.C., a disabled individual, by his sexual organ. In Count two, McCullough was convicted of causing the sexual organ of K.C., a disabled individual, to contact the mouth of McCullough.

Authority

When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although

juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

Discussion

In an interview with Detective Myers, McCullough admitted that he had vaginal and oral sex with K.C. and that interview was played for the jury. The dispute is whether K.C. meets the statutory definition of a disabled individual. *See* TEX. PENAL CODE ANN. § 22.021(b)(3).

For purposes of aggravated sexual assault, a person qualifies as a disabled individual if due to age or physical or mental disease, defect, or injury she is substantially unable to protect herself from harm or to provide food, shelter, or medical care for herself. *Id*. The statute uses the term "substantially," which means "to a great or significant extent" or "for the most part; essentially." *Hopkins v. State*, 615 S.W.3d 530, 545 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (quoting New Oxford American Dictionary 1736 (3d ed. 2010)). Therefore, the State is not required to show that K.C.'s disability is absolute or complete. *See id*.

K.C. was diagnosed with an intellectual disability at an early age. Keys testified that K.C. has an extremely low I.Q. score ranking at the 0.3 percentile level. Based upon her testing, Keys "made a diagnosis that [K.C.] continued to meet the eligibility of intellectually disability [sic]." McCullough contends that Keys's testimony does not provide sufficient evidence that K.C. is substantially unable to protect herself. However, when asked whether K.C. could independently provide for her food, shelter, and welfare, Keys responded "no."

In addition, K.C.'s special education teacher, along with L.K., provided evidence that K.C. could not safely live independently. K.C. could not use a stove to provide food for herself. She did not know how to handle money or pay bills. K.C. could not provide for her own transportation or schedule medical appointments. Based on the evidence, the jury could have reasonably found

that K.C. was a disabled individual within the meaning of Section 22.021(b)(3) of the aggravated sexual assault statute. *See id*. at 546.

McCullough also argues that the jury charge did not require the jury to find that he knew of the lack of consent. Aggravated sexual assault is without the consent of the other person if "the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it." TEX. PENAL CODE ANN. §§ 22.021(d), 22.011(b)(4). The jury charge defined "without consent" according to the applicable statutes. The jury was further instructed to give terms the meanings provided in the instructions. Therefore, the jury was required to find that McCullough knew of the lack of consent before he could be found guilty.

There was evidence that McCullough lived in the home with K.C. for over three years. He knew that K.C. was in special education classes at school. K.C.'s mother testified that McCullough had observed K.C.'s mental capacity and remarked that she was not as mature as her younger sister. Viewing the evidence in the light most favorable to the verdict, the evidence is sufficient to prove that McCullough knew K.C. had a mental disease or defect that made her incapable of appraising the nature of the sex acts and resisting it. *See Hopkins*, 615 S.W.3d at 544.

Viewing all of the evidence, the evidence is sufficient to support McCullough's convictions on both counts of aggravated sexual assault of K.C., a disabled individual. We overrule the second and third issues.

Conclusion

Having overruled all of McCullough's issues on appeal, we affirm the trial court's judgment.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED: May 14, 2026

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
Do not publish
CRPM

